## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JOHN and JANE DOE,

     *Plaintiffs*,

v.

GLORIA DENT, in her official capacity as a member of the Anne Arundel County Board of Education, et al.,

     *Defendants*.

Case No. 1:26-cv-02690-RDB

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
### AMENDED MOTION FORLEAVE TO PROCEED UNDER PSEUDONYM

Plaintiffs John and Jane Doe (collectively, "the Does"), through their undersigned counsel, respectfully move the Court for leave to proceed under pseudonyms in this action to protect their identity and the identity of their minor child, Mary Doe, from public disclosure. In support of this motion, the Does state as follows:

### INTRODUCTION

The Does are the parents of Mary, a minor child currently enrolled in Anne Arundel County Public Schools ("AACPS"). They bring this action to challenge AACPS policies—specifically, AACPS Policy JQ and its implementing documents—that instruct staff members to facilitate a child's social gender transition without parental notice or consent, in violation of the First and Fourteenth Amendments of the U.S. Constitution. AACPS staff members have implemented these policies against the Does and Mary to facilitate Mary's social gender transition at school without notifying the Does or seeking their consent. Specifically, AACPS has encouraged and assisted Mary in adopting a male name at school without informing the Does or seeking their permission. Indeed, AACPS continued to refer to Mary using a male name even after the Does specifically

1

instructed AACPS personnel not to do so. Moreover, AACPS is actively concealing information from the Does about Mary's social gender transition and AACPS personnel have lied (multiple times) about their actions when confronted by the Does.

Because this case involves the intimate details of a minor child's mental health and gender identity struggles, as well as a family's religious beliefs—all of which are matters of an intensely private and sensitive nature—the Does respectfully request that this Court permit them to proceed using pseudonyms to protect Mary's identity from public disclosure. The Does believe an order granting leave to proceed anonymously will protect Mary and their family from exposure to serious risk of harm.

## LEGAL STANDARD

Generally, a plaintiff must name all parties to a lawsuit, *see* Fed. R. Civ. P. 10(a), but this principle "operates only as a presumption," *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Plaintiffs may proceed using pseudonyms if a party's privacy interests outweigh the public's interest in knowing the party's identity and the general presumption of openness in judicial proceedings. *See, e.g., Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014). The district court has discretion to allow parties to proceed pseudonymously, but that discretion must be exercised in accordance with "sound legal principles" and a careful review of the circumstances of the case. *Doe v. Sidar*, 93 F.4th 241, 247 (4th Cir. 2024) (citation modified).

The Fourth Circuit applies a non-exhaustive, multi-factor balancing test when evaluating motions to proceed by pseudonym. *Pub. Citizen*, 749 F.3d at 273–74. These factors include: (1) "whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental

harm to the requesting party or even more critically, to innocent non-parties"; (3) "the ages of the persons whose privacy interests are sought to be protected"; (4) "whether the action is against a governmental or private party"; and (5) "the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238.

The district court should consider all the *James* factors, but no particular factor is dispositive, and the court should discern which factors should weigh most heavily in any given case. *Doe v. Doe*, 85 F.4th 206, 212 (4th Cir. 2023). If a party's privacy or confidentiality concerns are sufficiently critical, the district court should permit the party to proceed anonymously. *James*, 6 F.3d at 238.

**ARGUMENT**

The *James* factors weigh in favor of granting the Does' motion to proceed under pseudonyms.

## I.    This Case Involves Matters of a Sensitive and Highly Personal Nature.

The first *James* factor favors pseudonymity because this action involves "a matter of sensitive and highly personal nature." 6 F.3d at 238. This litigation concerns a minor child's mental health and gender identity, as well as the sincerely held religious beliefs of that child's parents, both subjects that are among the most sensitive and personal matters.

Courts allow the use of pseudonyms "'when necessary to protect the privacy of children . . . and other particularly vulnerable parties or witnesses.'" *Sidar*, 93 F.4th at 248 (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)). Indeed, courts are "more willing" to preserve anonymity when "children" are involved. *See, e.g.*, *Candidate No. 452207 v. CFA Institute*, 42 F. Supp. 3d 804, 809 (E.D. Va. 2012). And this Court has recognized that "medical information . . . undoubtedly concerns sensitive and highly personal information."

3

*N.C. by J.C. v. Bd. of Educ. of Baltimore Cnty.*, No. 1:24-CV-00367-JRR, 2024 WL 1856293, at *2 (D. Md. Apr. 29, 2024) (citations omitted).

Information about a child's gender confusion is especially sensitive. "The excruciatingly private and intimate nature of" such information, "for persons who wish to preserve privacy in the matter, is really beyond debate." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999); *see also Doe v. Ga. Dep't of Corrections*, No. 24-11382, 2024 WL 5200055, at *2 (11th Cir. Dec. 23, 2025) (explaining that an individual's "transgender status" and "gender dysphoria" are "information of the utmost intimacy" that implicate "a substantial privacy interest"). Information about a family's religious values—especially where faith intersects with sensitive questions of sex and gender—is likewise a "'quintessentially private matter.'" *Doe v. New Ritz, Inc.*, No. WDQ-14-2367, 2015 WL 4389699, at *2 n.10 (D. Md. July 14, 2015).

The Complaint in this case details the circumstances of Mary's social gender transition at school, including her request to be referred to by a male name without her parents' knowledge. Public disclosure of the Does' identities would inevitably lead to the exposure of Mary's identity and subject her gender identity struggles and mental health status to public scrutiny. It would also reveal the family's sincerely held religious beliefs about sex and gender. These matters are intensely private in any case, but they are especially "sensitive" here given "the current political climate" and conflicting "public attitudes" on the issue of gender identity. *Does 1-2 v. Hochul*, No. 21-cv-5067, 2022 WL 836990, at *5 (E.D.N.Y. Mar. 18, 2022).

The Does are not seeking to proceed under pseudonym to avoid the mere annoyance and criticism that might attend any litigation. Their primary concern is the health, well-being, and safety of their minor child. They seek to shield Mary from exposure of deeply private information

about her mental health and gender confusion. This is precisely the kind of sensitive and highly personal matter that warrants pseudonymity under the Fourth Circuit's framework.

**II.   Identification Would Cause Harm to the Entire Doe Family.**

The second *James* factor also supports pseudonymity for the entire Doe family. Cases involving challenges to school gender identity policies have generated significant public attention and controversy. *See* Pet. for Certiorari at 32, 152a-55a, *Foote v. Ludlow School Committee*, No. 25-77 (U.S. July 18, 2025) (cataloguing dozens of active cases challenging such policies). The Does reasonably fear that public identification would subject their entire family to "extensive harassment," threats, and retaliation from those "hostile to [their] viewpoint," including those who disagree with their religious beliefs or their decision to challenge AACPS policies. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

If the Does' identities are disclosed, they could be targeted for retaliatory physical or mental harm based solely on their religious objections to gender identity. The Does have sincerely held Christian beliefs that God creates each person as male or female and that sex cannot be altered. Public identification in a case that challenges transgender-affirming school policies would expose the family to targeted animus from those who view such challenges as hostile to transgender individuals. *See Kadel v. Folwell*, 620 F. Supp. 3d 339, 391 (M.D.N.C. 2022) ("Issues surrounding transgender healthcare evoke strong emotional and political opinions."), *vacated on other grounds*, 2025 WL 2740363 (4th Cir. Sept. 23, 2025). The risk of retaliation—including threats of physical harm, bullying, and online harassment—supports pseudonymity. This Court has recognized that where a party faces a genuine "risk of retaliatory harm" arising from the subject matter of the litigation, pseudonymity is warranted. *See J.O.P. v. U.S. Dep't of Homeland Sec.*, 779 F. Supp. 3d 570, 583–84. (D. Md. 2025) ("The threat of physical retaliatory harm . . . has prompted other courts considering analogous factual circumstances to permit pseudonymity.")

Even more critically, identification poses a risk of retaliatory physical or mental harm to Mary. The Fourth Circuit has emphasized that risk of harm to "innocent non-parties" is a particularly critical consideration. *James*, 6 F.3d at 238. Mary is a minor child who is not a party to this action, but whose identity would inevitably be revealed if her parents' identities were disclosed.

Identification of the Does would expose Mary to public attention regarding her gender identity and likely subject her to harassment, bullying, and unwanted scrutiny from peers, media, and the public. This Court has recognized that individuals with gender dysphoria often face "very high rates of violence." *M.A.B. v. Bd. of Educ. of Talbot Cnty.*, 286 F. Supp. 3d 704, 720 (D. Md. 2018).

Given the intense public controversy surrounding gender identity and related policies in schools, disclosure of the Does' identities would place a target on Mary. If her identity is revealed or deduced, she is likely to experience harm ranging from harassment and ostracism to physical violence. Further, Mary is a child, and she is still navigating her identity. The disclosure of her identity could result in long-term harassment and violence for a condition she may not struggle with in the future. Thus, to protect her privacy and safety, as well as the privacy and safety of her parents, the Court should grant the Does' motion.

## III.   Proceeding Pseudonymously Would Protect the Minor Child Involved.

The third *James* factor favors the Does. While the Does are not minors, Mary is a minor child currently enrolled in high school. The Fourth Circuit has recognized the particular importance of protecting the privacy of minors in litigation, stating that "anonymity [is] warranted to protect minor plaintiffs against risk of violence from revelation of unpopular personal beliefs." *James*, 6 F.3d at 238–39 (citing *Stegall*, 653 F.2d at 185–86). That is especially true here because, although Mary is not a plaintiff, she is undeniably at the center of this litigation. And this Court has found that when the identification of a minor child's parents "would likely identify, or lead to

6

the identity of, the minor child," this factor weighs in favor of allowing the parents to proceed by pseudonym. *N.C. by J.C.*, 2024 WL 1856293, at *2.

### IV.   The Action is Against Government Officials.

Courts are more "likely to grant a plaintiff permission to proceed anonymously" when "the action is against a governmental entity seeking to have a [policy] declared invalid." *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) (citing *Southern Methodist Univ. Assoc. v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)). Here, the Does are suing AACPS board members and administrators—i.e., government officers—in their official capacities, challenging the constitutional validity of a district policy. That supports pseudonymity.

To be sure, the Does' complaint names some AACPS administrators in their individual capacities as well as their official capacities. But those defendants are "not . . . ordinary private part[ies]" with "interests relating solely to [their] personal life." *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003). Rather, the Does' complaint alleges that those defendants violated federal law through their actions as government employees while implementing AACPS policies and acting under color of state law. "Thus, this case is analogous to one involving a government defendant, where personal anonymity is more readily granted because of the existence of a public interest in the action and a lesser interest in personal reputation." *Id.*

Even if the inclusion of some defendants in their individual capacities meant that this factor weighed against the Does, allowing them to proceed with pseudonyms would still be appropriate because all of the other *James* factors favor pseudonymity. Courts in this circuit do not "attribute[e] overbearing weight solely to this one factor—the identity of the opposing party—especially when, as here," the "other factors . . . weigh heavily in favor of granting protection." *Doe v. Mast*, 745 F. Supp. 3d 399, 412 (W.D. Va. 2024). To that end, courts regularly grant motions to proceed by pseudonym even when the defendant is a private party. *See, e.g.*, *id.* at 415; *Doe v. Darden Res-*

7

*taurants, Inc.*, 736 F. Supp. 3d 297, 301–03 (D. Md. 2024) (granting pseudonymity where the plaintiff's "allegations [were] of a sensitive and highly personal nature" and the plaintiff "fear[ed] . . . retaliation and humiliation," even though "both" the plaintiff and defendant were "private parties").

### V.    There is No Risk of Unfairness to Defendants.

Allowing the Does to proceed anonymously does not create a risk of unfairness to the Defendants. "Where," as here, "Defendants know who the Plaintiffs are and are 'fully capable of investigating and responding to [the] allegations,' there is no risk that allowing Plaintiffs to proceed by pseudonym will prejudice Defendants' defense." *N.C. by J.C*, 2024 WL 1856293, at *3.

The specificity of the allegations in the Does' complaint—including the Does' conversations with AACPS personnel, and the timeline of relevant events—is sufficient for Defendants (but not the general public) to ascertain the Does' identity and adequately respond to their claims. *Cf. Keasley v. MTT Enterprises*, No. CIV.A.10-436, 2010 WL 2545285, at *2 (E.D. La. June 16, 2010) ("Plaintiffs' complaint contains sufficient information concerning the identity of putative plaintiffs to allow defendants to frame a response to plaintiffs' allegations."). In any event, while the Does seek an order limiting *public* disclosure of their identities, as well as Mary's, they are nevertheless willing to disclose their identities to Defendants, subject to a protective order. Thus, the Defendants will be fully capable of investigating the claims made in the Complaint and will not be prevented from presenting a full defense. The fifth *James* factor therefore weighs in favor of permitting the Does to proceed pseudonymously.

### CONCLUSION

The Does' interest in protecting the privacy and safety interests of their minor child—including shielding her from harassment and violence—significantly outweighs the generic presumption of openness in judicial proceedings and poses no prejudice to Defendants. The Does'

concerns are sufficiently critical to warrant proceeding anonymously. Thus, the Does respectfully

request that this Court grant their motion and permit the Does and Mary to be identified throughout

this litigation as "John Doe," "Jane Doe," and "Mary Doe."

Dated: July 17, 2026                                    Respectfully Submitted,

                                                        /s/ Ian Prior
Rachael C. T. Wyrick*                                   Ian Prior (Bar No. 30683)
CONSOVOY MCCARTHY PLLC                                  Crystal Clanton*
1600 Wilson Boulevard, Suite 700                        Rachael Griffin*
Arlington, VA 22209                                     AMERICA FIRST LEGAL FOUNDATION
(703) 243-9423                                          611 Pennsylvania Ave. SE, Suite 231
rachael@consovoymccarthy.com                            Washington, D.C. 20003
                                                        (202) 964-3721
                                                        ian.prior@aflegal.org
                                                        crystal.clanton@aflegal.org
* *Admitted pro hac vice*                               rachael.griffin@aflegal.org


                        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I also served Defendants by certified mail, return receipt requested, and on opposing counsel via email, at the following addresses:

Gloria Dent, Dawn Pulliam, Robert Siklworth, Erica McFarland, Sarah J. McDermott, Dana Schallherim, Joanne Bache Tobin, and S.H.
  Members, Anne Arundel County Board of Education
2644 Riva Road
Annapolis, MD 21401

Dr. Mark T. Bedell
  Superintendent, Anne Arundel County Public Schools
2644 Riva Road
Annapolis, MD 21401

Katherine Smith
  Principal, Broadneck High School
1265 Green Holly Drive
Annapolis, MD 21409

Philip Casolo
  Assistant Principal, Broadneck High School
1265 Green Holly Drive
Annapolis, MD 21409

Lisa M. Snead
  General Counsel, Anne Arundel County Public Schools
  lsnead@aacps.org

Dated: July 17, 2026

Respectfully Submitted,

*/s/ Ian Prior*
Ian Prior (Bar No. 30683)
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave. SE, Suite 231
Washington, D.C. 20003
(202) 964-3721
ian.prior@aflegal.org

10