# EXHIBIT G

# REGULATION ANNE ARUNDEL COUNTY PUBLIC SCHOOLS

**Related Entries:** JH
**Responsible Office:** DIVISION OF STUDENT SUPPORT SERVICES

## STUDENT RECORDS

**A. PURPOSE**

To provide guidance regarding maintenance of, access to, and disclosure of student records.

**B. BACKGROUND**

Anne Arundel County Public Schools (AACPS) is responsible for complying with the *Family Educational Rights and Privacy Act* (FERPA) and State law and regulations governing student records.

**C. DEFINITIONS**

1. ***Authorized Staff*** – AACPS staff who have the right to access student records. These individuals have legitimate educational interests and are not required to sign the *Record of Access* form. Authorized staff include school-based personnel, such as the student's principal and assistant principal, school counselor, teacher(s), related services personnel who work with the particular student, and the school staff directly responsible for the daily maintenance of the student record. Individuals may also include Division of Student Support Services staff with a legitimate educational interest, including a pupil personnel worker, school psychologist, social worker, and school health personnel. Any other individual who may be granted access must demonstrate, to the satisfaction of the principal or the principal's designee, that the individual has a legitimate educational interest in the student's record and must complete the *Record of Access* form.

2. ***Directory Information*** **–** includes a student's name, address, telephone number, date and place of birth, major field of study, participation in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, honor roll selection, current school, most recent previously-attended school, and photographs.

3. ***Eligible Student*** **–** a student who is 18 years of age or older, or a student who is married and, therefore, has the same rights as those granted to the student's parent(s)/guardian(s). For an eligible student with disabilities, in accordance with the

*Individuals with Disabilities Education Act*, all rights accorded the parent(s)/guardian(s) shall transfer to the child at the age of 18 years if the child has not been judged incompetent under State law and if there is documentation that:

a. The parent(s)/guardian(s) is unavailable or unknown as defined in §8-412 of the Education Article, the child would be eligible for a parental surrogate, and the child requests that the parental rights be transferred to the child;

b. The parent(s)/guardian(s) has not participated in the special education decision-making process for the child after repeated attempts by AACPS to involve the parent(s)/guardian(s) over the previous years as described in the Code of Maryland Regulations;

c. The parent(s)/guardian(s) has affirmatively rejected participation in the special education decision-making process;

d. The parent(s)/guardian(s) cannot participate in the special education decision-making process due to prolonged hospitalization, institutionalization, or serious illness or infirmity of one or both of the parent(s)/guardian(s) and the parent(s)/guardian(s) has consented to the transfer of rights to the child;

e. The parent(s)/guardian(s) cannot participate in the special education decision-making process due to extraordinary circumstances beyond the control of the parent(s)/guardian(s) and the parent(s)/guardian(s) has consented to the transfer of rights to the child; or

f. The child is living outside of the home of the parent(s)/guardian(s) and is not in the care or custody of another public agency as defined by §8-412 of the Education Article.

4. ***Home School*** **–** the geographic school assigned to a student by geographic boundaries and grade level. Each active student must have one, and only one, geographic school at any point in time.

5. ***Legitimate Educational Interest*** **–** performance of a task that is:

   a. Consistent with one's duties as specified in an official position description or contractual agreement;

   b. Related to a student's education;

   c. Related to the discipline of a student; or

   d. A service or benefit related to the student or student's family, such as health care, counseling, or job placement.

6. ***Personally Identifiable Information*** **–** information that, alone or in combination, makes it possible to identify an individual student with reasonable certainty, including:

   a. The name of the student, the student's parent(s)/guardian(s), or other family member;

   b. The address of the student or student's family;

   c. A personal identifier, such as the student's social security number or student identification number;

   d. A list of personal characteristics which would make it possible to identify the student with reasonable certainty; or

   e. Other information that would make it possible to identify the student with reasonable certainty.

7. ***School of Record*** **–** is the school that provides the official attendance records for the student. It is the school to which the student and the student's records have been assigned and where the student is counted for State and federal funding purposes. Each active student must have one, and only one, school of record at any point in time.

8. ***Service School*** **–** refers to the school at which the student receives educational services.

9. ***Student*** **–** refers to any person who attends or has attended a county public school, and for whom AACPS maintains educational records or personally identifiable information.

10. ***Student Record*** **–**

    a. All records maintained in connection with an individual student constitute the student record, regardless of where the various parts of the record are stored. The student record includes personal identification data, family and descriptive social information, records of subject performance, attendance, conduct, test scores, and health records.

    b. The record also may include such items as legal proceedings, psychological and other clinical evaluations or any other individualized evaluations, agency reports, shared notes of school personnel, counselors or social workers, anecdotes, emergency reports, notes of permission, and special education records.

    c. The record may be in any form, including papers, reports, photographs, computerized data, and film.

d. A student record does not include the following information:

i. Personal notes regarding a student if the contents of the notes are not shared with others, except a substitute for the maker of the record, and the notes are not included in any part of the student's official education record and are kept in the sole possession of the maker of the record. Personal notes must be kept in an area where access is limited to the maker of the note only or a substitute for the maker of the record. If personal notes are placed in the student's official records or made available to others, they become part of the student education records.

ii. Records or information that are shared or obtained under the *Minor Consent Law*, Maryland Health General Code.

iii. Records or reports of child abuse or neglect that are not included in the student record.

11. ***Substitute*** **–** an individual who performs, on a temporary basis, the duties of the individual who made the record, and does not refer to an individual who permanently succeeds the maker of the record in that position.

## D. PROCEDURES

### 1. Notification

a. A *Notification of Student Records* letter contains the following items:

i. Location and types of education records and information which are contained in the student record and are directly related to students and maintained by AACPS;

ii. The position of the person responsible for the maintenance of the student record;

iii. The policies of AACPS for reviewing and amending those records;

iv. The AACPS procedures concerning access;

v. The procedures for challenging the content of education records;

vi. A statement stating the costs of reproducing copies of records and any necessary postage shall be charged to the parent(s)/guardian(s) or eligible student unless such costs preclude the parent(s)/guardian(s) or eligible student from accessing the student record;

vii. The disclosure of information to persons or agencies outside of AACPS;

viii. The policy for transferring records to another school;

ix. The categories of information that AACPS has designated as directory information;

x. The policy for translation into languages other than English when the school becomes aware that the primary language of the parent(s)/guardian(s) or eligible student is other than English;

xi. The right of the parent(s)/guardian(s) or eligible student to file complaints with the school system alleging noncompliance of any section of the letter or this regulation; and

xii. The right of the parent(s)/guardian(s) or eligible student to file a complaint with the U.S. Department of Education, Family Educational Rights and Privacy Act Office at 400 Maryland Avenue SW, Washington, DC 20202, concerning alleged violations of FERPA.

2. **Records Management**

a. Student records provide information that is used by parent(s)/guardian(s), students, and school personnel for planning educational programs for students.

b. The principal or the principal's designee is responsible for establishing and maintaining a student record for every student who receives services in the school. Responsibility for maintaining the complete student record rests with the principal or the principal's designee of the student's school of record.

3. **Contents of Records**

a. Student record cards as defined by the Maryland State Department of Education (MSDE) are required.

b. Other documents or materials that serve the student's educational needs or are used by school personnel to make decisions may be required, including when applicable:

i. Registration forms;

ii. Emergency reports;

iii. Immunization records;

iv. Court documents;

v. Referrals to and reports from the Office of Student Services;

vi. Anecdotal records and work samples used for educational decision-making;

vii. Discipline information;

viii. Notes of school personnel used for educational decision-making;

ix. Reports from public or private agencies or professionals;

x. Signed initial consent to evaluate a student for special education and signed consent for initial Individualized Education Program (IEP) implementation;

xi. Individualized evaluations and reports;

xii. Special education records, including third party billing information and Special Services Information System information, subject to the retention requirements provided below; and

xiii. Information related to §504 of the *Rehabilitation Act* of 1973, as amended.

4. **Information No Longer Serving an Educational Need**

Information no longer serving an educational need should be removed from the record. Materials that should be removed from a student's record include:

a. Test booklet/cover after information has been recorded on SR-4;

b. Absentee notes at the end of current school year;

c. Weekly/Daily Progress Reports at the end of current school year;

d. Teachers' notes or anecdotes; and

e. Any duplicate immunization records, after they have been carefully reviewed to make sure all information is on the saved copy.

5. **Types and Locations of Records**

a. Records collected, maintained, or used by the school system may include records:

i. Listed above housed at the student's school;

ii. From any service school(s) in AACPS;

iii. At Central Office; or

iv. At office annexes.

b. Representatives of the parent(s)/guardian(s) or eligible student, on request, may receive a list of the type and location of education records collected, maintained, or used by the school system. This list is available in the student record folder.

6. **Updating and Reviewing Records**

a. Review of student records shall occur at least when a student:

i. Transfers to another school or to the next highest organizational unit, such as elementary to middle-level school or middle- level school to high school;

ii. Graduates from high school; and

iii. Withdraws for any other reason.

b. Changes in identifying information, results of individual and group standardized tests, and health information shall be made within a reasonable time after such changes occur, but not later than the end of the school year in which the changes occur. In the case of standardized testing, such as State mandated tests, where information is not provided to the schools until the end of the year, student records must be updated with this information as soon as possible after it is received.

7. **Retention**

a. Upon graduation or withdrawal from AACPS, the following information listed below, at a minimum, shall be retained until the student turns 21 years old:

i. Student record cards as defined by MSDE;

ii. Immunization records;

iii. Discipline records; and

iv. Last IEP and most recent evaluations if within the last 6 years.

b. Upon transfer out of the school system to another Maryland public school, photocopies of the above documents shall be retained for 4 years.

c. Upon transfer out of the Maryland public school system, the original documents listed above shall be retained until the student turns 21 years old.

d. After the student turns 21 years old, the following forms shall be electronically recorded by the Student Records Office and the actual forms shall be destroyed:

i. Student record cards as defined by MSDE; and

ii. The last IEP if dated within the last 6 years.

e. Special Education records shall be retained for 6 years after the student is no longer enrolled, including:

i. IEP; and

ii. Multidisciplinary committee summary sheets and notes containing:

a) Identification of assessments and evaluations performed, but not detailed assessments themselves; and

b) Formal decisions of the committee documenting the student's disability, the multidisciplinary nature of the committee, and parent(s)/guardian(s) participation.

f. The following medical assistance records shall be maintained for 6 years after the service date:

i. Multidisciplinary committee summary sheets and notes containing documentation of the need for services which qualify for medical assistance reimbursement;

ii. Parent(s)/guardian(s) consent for service coordination;

iii. Documentation of services provided which qualify for medical assistance reimbursement, including logs and documentation of service coordination; and

iv. Ongoing service coordination notes demonstrating eligibility for medical assistance reimbursement.

g. Explanation or information added by the student's parent(s)/guardian(s) or eligible student to a student's record shall be retained in the student's record as long as the information is also maintained as part of the student record. If this information is released under the *Release of Student Records* provisions outlined below, any such added explanation or information must be released as well.

h. Microfilm, microfiche, or electronically recorded records shall be maintained by the Student Records Office.

8. **Transfer**

   a. Student records must be cumulative and continuous. Accordingly, each student's record shall follow the student from grade to grade and from school to school. A *Maryland Transfer* form (SR-7) must accompany a student record at the time of transfer from one school to another. The SR-7 provides the receiving school with the appropriate information for on-site registration. This procedure does not apply to students who are experiencing homelessness who are automatically admitted to school as required by the *McKinney-Vento Act*.

   b. Student records may not be sent until a written request has been made by the receiving school; however, oral requests may be used in the case of homeless students to expedite the transfer.

   c. For transfers to schools within AACPS, the entire original cumulative record shall be sent upon written request to the receiving school. Schools must retain photocopies of records of student withdrawals as defined above.

   d. For transfers to public schools outside of AACPS but within Maryland, upon written request, the sending school shall provide the receiving school with the original record. Records or reports of substance abuse or suspected substance abuse, or records or reports of treatment for substance abuse may not be sent to a school outside of AACPS.

   e. For transfers to public schools outside of Maryland or to non-public schools, upon written request, the sending school shall provide the receiving school with an official copy of the record. Records or reports of substance abuse or suspected substance abuse, or records or reports of treatment for substance abuse may not be sent to a public school outside of Maryland or to a non-public school.

   f. An official transcript to post-high school institutions or employers shall include the following:

      i. Student performance information (SR-3); and

      ii. High school assessment results (SR-3A and 3B).

9. **Amendment of Student Records**

   a. ***Request for Amendment***

   The parent(s)/guardian(s) of a student or an eligible student, who believes that information contained in the student's record is inaccurate, misleading, or otherwise violates the privacy or other rights of the student, may request that the records be amended by AACPS. Such requests shall be made in writing to the principal or the principal's designee of the student's school of record.

b. ***Informal Discussion***

i. The principal or the principal's designee shall discuss the requested amendment with the requesting party and, within a reasonable period of time after receiving the written request, not to exceed 5 school days, the principal or the principal's designee shall decide whether to amend the student's record in accordance with the request.

ii. Only when the principal and the principal's advisors are convinced beyond a reasonable doubt that the challenged portion of the record is inaccurate, misleading, or otherwise violates the privacy or other rights of the student, and that the challenged portion does not now, or is unlikely in the future, to contribute as a significant part of the whole to an understanding of the emotional, social, intellectual, physical, or academic development of the student, shall this portion of the record be amended in any way from its original condition. However, under no circumstances shall the principal or any member of the principal's staff permit or accede to the destruction, deletion, modification, or amendment of any item(s) generated or produced by any individual(s), department, bureau, organization, or agency existing beyond the confines or employ of the Board of Education of Anne Arundel County (Board).

iii. If the record is amended, the parent(s)/guardian(s) or eligible student must be notified. In addition, notification of such action must be submitted in writing to the Director of Instruction and Director of Student Services. Such notice shall include:

a) An identification, designation, or description of the item(s) amended;

b) The name of the individual, department, or agency that produced them;

c) The date of that production;

d) The rationale for the action taken; and

e) The names, addresses, and professional affiliation of all those who participated in this decision.

c. ***Formal Proceedings***

i. If the principal or the principal's designee decides not to amend the record in accordance with a request, the school shall inform the parent(s)/guardian(s) or the eligible student of the decision and advise the parent(s)/guardian(s) or eligible student of the student's right to submit a formal request for a hearing, in writing, to the school principal or the principal's designee. Such a request must be made within 10 school days of the notification to the

parent(s)/guardian(s) or the eligible student of the decision not to amend the record and must identify the portion(s) of the record being challenged.

ii. Upon receipt of a formal request, the principal or the principal's designee shall hold a hearing within a reasonable period of time, not to exceed 10 school days, and provide the requesting person(s) with advance notice of the date, time, and place of the hearing. At the hearing, the requesting person(s) shall be afforded a full and fair opportunity to present evidence relevant to the issues raised by the request and may be assisted or represented by someone of the person(s)'s choice at the person(s)'s own expense, including an attorney.

iii. Prior to the hearing, the principal or the principal's designee shall examine the relevant portion(s) of the record and endeavor to have present at the hearing the individual(s) who originally produced the item(s) being challenged. Lacking their presence, the principal or the principal's designee shall arrange to have present an individual(s) with similar background, training, or experience who might reasonably be expected to qualify as competent advisors upon the matter(s) in question. When determining whether the item(s) in question are inaccurate, misleading, or otherwise in violation of the privacy or other rights of the student, the principal or the principal's designee must include consideration of whether the item(s) now, or may in the future, contribute as a significant part of the whole to an understanding of the emotional, social, intellectual, physical or academic development of the student.

iv. A decision shall be rendered by the principal or the principal's designee within a reasonable period of time, not to exceed 10 school days, after the completion of the hearing. The decision shall be based solely upon the evidence presented at the hearing and shall include a summary of the evidence and the reasons for the decision. The person(s) requesting the amendment shall be notified of the decision in writing.

v. If the record is amended, the parent(s)/guardian(s) or the eligible student must be notified. In addition, notification of such action must be submitted in writing to the Director of Instruction and Director of Student Services. Such notice shall include:

a) An identification, designation, or description of the item(s) amended;

b) The name of the individual, department, or agency that produced them;

c) The date of that production;

d) The rationale for the action taken; and

e) The names, addresses, and professional affiliation of all those who

participated in this decision.

vi. If the determination is made not to amend the record, the principal or the principal's designee shall inform the requesting person(s) of the right to submit a statement commenting upon the information contained in the item(s) in question or setting forth any reasons for disagreeing with the decision or both. Such commenting statements, once submitted, shall be affixed to the item(s) in question, shall be considered part of the student's record, and shall be maintained and controlled in the same fashion as any part or item comprising an official student record. If the contested portion(s) of the student record is disclosed to any party, such commenting statements shall also be disclosed to that party. If the contested portion of the student record is destroyed, the commenting statements shall also be destroyed.

vii. The person(s) requesting the amendment shall also be informed of the right to file an appeal with the Director of Instruction either due to dissatisfaction with the decision of the principal or the principal's designee or because the decision was not rendered within 10 school days of the completion of the meeting. Such appeals shall be made in accordance with the appeal procedures in section D.11.f. of this regulation.

10. **Confidentiality**

a. The staff in the Division of Student Support Services shall work with school personnel to ensure the confidentiality of any personally identifiable information contained in student records.

b. Student records collected, maintained, or used by school personnel are to be confidential in nature, and access to such records may be granted only for legitimate educational purposes.

c. The student record must be kept within the school in a secure location designated by the principal or the principal's designee, who shall assume responsibility for its security, maintenance, and preservation. Records kept in locations other than the school must also be made secure, and the individual in charge of the records shall assume the above responsibilities.

d. Right to inspect and review student records shall be as follows:

i. Access to student records shall be afforded to parent(s)/guardian(s) (custodial and non-custodial), authorized representatives of the parent(s)/guardian(s), eligible students, authorized personnel, and others determined by the principal or the principal's designee to have a legitimate educational interest in the record.

ii. In conference with an appropriate school official, and consistent with the

purposes of these regulations, a student may be afforded access to the student's record.

iii. Record of access to a student's record shall be as follows:

a) Each public school shall maintain a log, housed in the student's record, which shall indicate all parties, other than authorized personnel of the school system, who have requested or obtained access to a student's record.

b) The access log shall indicate the name of the party(ies) gaining access, the specific, legitimate educational interest of the party(ies) gaining access, and the date access was granted or, if the request for access was denied, the date the request was made.

e. The procedure for obtaining access to student records shall be as follows:

i. Requests for access, inspection, and review of student records shall be submitted to the school principal or principal's designee.

ii. The principal or principal's designee shall arrange for the granting of such access within a reasonable period of time, but in no case more than 45 days after the date the request is received. Access must be granted prior to any hearing or administrative procedure during which the record shall be discussed.

iii. Prior to any inspection or review of the record, the principal or the principal's designee shall examine the record in question to ensure that references to, or information identifying, any other student are removed or redacted.

iv. The principal or the principal's designee must be present at all times in the room or area in which the inspection or review occurs, and shall at all times keep the records within view. The principal or the principal's designee assumes responsibility for the security, maintenance, and preservation of all records and shall ensure that they are returned, intact, to the location where they are normally maintained.

v. The principal or the principal's designee may presume that either parent(s)/guardian(s) of the student has authority to inspect and review the student's record unless the school has been provided with a legally binding document or a court order which states otherwise such as those governing matters of divorce, separation, or custody.

11. **Release of Student Records**

a. ***Fees for Copies***

i. A fee may not be charged to search for or to retrieve a student's record.

ii. A per-page fee shall be charged for copies of information from the student record. This charge shall be published by the Student Records Office.

iii. The parent(s)/guardian(s) or eligible student shall be provided with a copy of any information which is released to any agency or person outside AACPS. If said release of information to an outside agency or person, such as a post-secondary education institution or an employer, is at the request of the parent(s)/guardian(s) or eligible student, the per-page fee may be charged.

a) The per-page fee shall be waived if charging the fee effectively prevents the parent(s)/guardian(s) or eligible student from exercising the right to inspect or review the student record.

b. ***Release Without Written Consent***

i. Lists of the names and addresses of students and graduates may not be made available to any person, agency, or organization, except the U.S. military as defined by FERPA.

ii. Pursuant to an interagency agreement between AACPS and the Anne Arundel County Department of Health, information from student records shall be released to employees of the Anne Arundel County Department of Health when they are serving as members of the school staff.

iii. Personally identifiable information from student records may be disclosed without the written consent of the parent(s)/guardian(s) of the student, or of the eligible student, if the disclosure is:

a) To other school officials, including teachers, within AACPS who have been determined to have legitimate educational interests.

b) To officials of another school or school system in which the student seeks or intends to enroll, if:

i) A copy of the information is provided to the parent(s)/guardian(s) or eligible student, upon request; and

ii) The parent(s)/guardian(s) or eligible student is provided, upon request, with an opportunity for a hearing pursuant to this regulation.

c) To officials of another school or school system in which the student is enrolled or from which the student receives services.

d) To authorized representatives of the following offices/agencies in connection with the audit and evaluation of federally supported education programs, or in connection with the enforcement of, or compliance with, the federal legal requirements which relate to these programs:

i) The United States Comptroller General;

ii) The United States Secretary or Assistant Secretary of Education;

iii) The Director of the National Institute of Education; or

iv) State educational authorities.

e) In connection with financial aid for which a student has applied or which a student has received, provided that personally identifiable information from the student record is disclosed only as may be necessary for such purposes as:

i) To determine the eligibility of the student for financial aid;

ii) To determine the amount of the financial aid;

iii) To determine the conditions which shall be imposed regarding the financial aid; or

iv) To enforce the terms or conditions of the financial aid.

f) To State and local officials or authorities to whom information is specifically required to be reported or disclosed pursuant to State statute. This paragraph applies only to statutes that require specific information be disclosed to State or local officials and does not apply to statutes that permit but do not require disclosure.

g) To organizations, including federal, State, and local agencies and independent organizations, conducting studies for, or on behalf of, educational agencies or institutions for the purpose of developing, validating, or administering predictive tests, administering student aid programs, and improving instruction, provided that the studies are conducted in a manner which may not permit the personal identification of students and their parent(s)/guardian(s) by individuals other than representatives of the organization, and the information shall be destroyed when no longer needed for the purposes for which the study was conducted.

h) To the parent(s)/guardian(s) of a dependent student.

i) To comply with a judicial order or lawfully issued subpoena, provided that the educational agency or institution makes a reasonable effort to notify the parent(s)/guardian(s) of the student or the eligible student of the order or subpoena in advance of compliance.

j) To appropriate parties in a health or safety emergency if the knowledge is necessary to protect the health or safety of the student or other individuals. This provision shall be strictly construed. The factors to be taken into account in determining whether personally identifiable information from the student record may be disclosed under this section shall include the following:

i) The seriousness of the threat to the health or safety of the student or other individuals;

ii) The need for the information in order to meet the emergency;

iii) Whether the parties to whom the information is disclosed are in a position to deal with the emergency; and

iv) The extent to which time is of the essence in dealing with the emergency.

c. ***Release with Written Consent***

i. Written consent is required before disclosing personally identifiable information from the student record, other than directory information, except as delineated in paragraph D.11.b. above.

ii. Consent is not required under this section where the disclosure is to the parent(s)/guardian(s) of a student who is not an eligible student or to the eligible student.

iii. Whenever written consent is required, it may be presumed that the parent(s)/guardian(s) of the student or the eligible student giving consent has the authority to do so unless the agency or institution has been provided with evidence that there is a legally binding instrument, State law, or court order, including those governing matters of divorce, separation, or custody, which indicate otherwise.

iv. The written consent required by this section must be signed and dated by the parent(s)/guardian(s) of the student or the eligible student giving the consent and shall include:

a) Specification of the records to be disclosed.

b) The purpose or purposes of the disclosure.

c) The party or class of parties to whom the disclosure may be made.

d) When a disclosure is made, the parent(s)/guardian(s) of the student or the eligible student shall be provided, upon request, a copy of the information that is disclosed. A copy shall be provided to the student who is not an eligible student if so requested by the student's parent(s)/guardian(s).

d. ***Limitation on Redisclosure***

i. Personally identifiable information from the student record may be disclosed only on the condition that the party to whom the information is disclosed may not disclose the information to any other party without the prior written consent of the parent(s)/guardian(s) of the student or the eligible student, except that the personally identifiable information may be used for the purposes for which the disclosure was made.

ii. This does not preclude an agency or institution from disclosing personally identifiable information under paragraph D.11.b. above with the understanding that the information shall be redisclosed to other parties under that section, provided that the recordkeeping requirements are met with respect to each of the parties to whom information is disclosed.

iii. It is the responsibility of the school which discloses information under paragraph D.11.c.iv.d) above, except for directory information, to inform the party to whom a disclosure is made of the requirements set for in paragraphs D.11.c.iv.a) and b) above.

e. ***Hearing Procedures***

i. Any parent(s)/guardian(s) of a student, or an eligible student, who disagrees with decisions made under this regulation is entitled to request a hearing. Such requests must be made to the principal or principal's designee of the student's school of record. Proceedings pertaining to amendment of student records shall be governed by D.9. above.

ii. In proceedings other than those pertaining to amendment of records, the principal or principal's designee shall immediately contact the appropriate Director of Instruction and the Director of Student Services. The Director of Instruction shall determine the appropriate person to conduct the hearing. The hearing may be conducted by any party, including the principal or principal's designee, as long as that person does not have a direct interest in the outcome of the hearing.

iii. The hearing shall be held within a reasonable period of time after receipt of

the request by the building principal, not to exceed 10 school days. The parent(s)/guardian(s) of the student or the eligible student shall be given notice of the date, place, and time at least 5 school days before the hearing.

iv. The parent(s)/guardian(s) of the student or the eligible student shall be afforded a full and fair opportunity to present evidence relevant to the issues raised, and may be assisted or represented by individual(s) selected by the parent(s)/guardian(s) or eligible student, at their own expense, including an attorney.

v. A decision shall be made, in writing, within 5 school days after completion of the hearing, and a copy shall be provided to the parent(s)/guardian(s) of the student or the eligible student, Director of Instruction, and Director of Student Services.

vi. The decision shall be based solely upon the evidence presented at the hearing and shall include a summary of the evidence and the reasons for the decision.

vii. If either party is in disagreement with the decision of the hearing officer, an appeal may be made pursuant to the procedures in paragraph f. below.

f. ***Appeal Procedures***

i. Any appeal made under this regulation shall be to the appropriate Director of Instruction. The student's school of record shall provide the Director of Instruction with a copy of the pertinent records. The Director of Instruction will render a written decision within 10 school days.

ii. If the person(s) requesting the hearing is not satisfied with the Director's decision, or if no decision is rendered within 10 school days, the person(s) may file a written appeal with the Associate Superintendent within 10 school days. The Director shall forward all appropriate records to the Assistant Superintendent, who shall render a written decision within 10 school days.

iii. If the person(s) requesting the hearing is not satisfied with the Assistant Superintendent's decision, or if no decision is rendered within 10 school days, the person(s) may file a written appeal to the Superintendent of Schools within 10 school days. The Assistant Superintendent shall forward all complaints and appropriate records to the Superintendent or the Superintendent's designee, who shall render a written decision within 15 school days.

iv. If the person(s) requesting the hearing is not satisfied with the Superintendent's decision, or if no decision is rendered within 15 school days, the person(s) may file a written appeal with the Board within 30 days. A hearing examiner may be appointed by the Board to review the appeal,

although no formal hearing is required. The Board's decision in the matter is final.

v. The parent(s)/guardian(s) of students or eligible students have the right to file a complaint regarding alleged violations of the provisions of FERPA with the Family Educational Rights and Privacy Act Office, Department of Education, 400 Maryland Avenue, SW, Washington, DC 20202.

g. ***Assistance and Training***

i. If assistance is required in the interpretation or implementation of this regulation, contact the Director of Student Services.

ii. Training or instruction regarding the provisions of this regulation shall be provided to all persons collecting or using personally identifiable information. Documentation that such training has been provided, showing to whom it was provided, shall be maintained at the building level.

***Regulation History:*** Issued 11/01/07; Revised 03/10/10; 08/31/21

***Note Previous Regulation History*****:** Developed by Office of Superintendent 09/05/07
Reviewed by Board of Education 11/01/07
Issued 11/01/07

***Legal References:*** Family Educational Rights and Privacy Act; Individuals with Disabilities Education Act; McKinney-Vento Homeless Assistance Act; Section 2-205 of the Education Article; Section 20-102 of the Maryland Health General Article; Code of Maryland Regulations 13A.08.02 Student Records; Maryland Student Records System Manual