**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| JOHN and JANE DOE,<br><br>*Plaintiffs,*<br><br>v.<br><br>MARK T. BEDELL, et al.,<br><br>*Defendants.* | Case No. 1:26-cv-02690-RDB |

**[PROPOSED] PROTECTIVE ORDER**

Upon the parties' consent, and for good cause shown under Federal Rule of Civil Procedure 26(c) and D. Md. Loc. R. 104.13, the Court enters this Protective Order to protect the discovery and dissemination of certain confidential information. Accordingly, IT IS HEREBY ORDERED as follows:

**A. Definitions**

1. "Action" means this case, captioned *John and Jane Doe v. Mark T. Bedell, et al.*, No. 1:26-cv-02690-RDB (D. Md. filed July 8, 2026).

2. "Confidential Information" means information that is protected by a statutory, regulatory, or common law right of privacy or protection or otherwise contains nonpublic personal, personnel, employment, medical, financial, or other information implicating privacy interests or safety concerns of any of the Plaintiffs, any of the Defendants, or any other nonparty. Examples of "Confidential Information" include personal financial information; private educational information; individually identifying personnel information; personal medical records, including mental health records; and other information whose disclosure could cause annoyance, embarrassment, oppression, or undue burden or expense. "Confidential Information" includes, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition

testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

3. "Case Materials" means all documents, materials, or information produced or disclosed in this Action, including those items listed in Federal Rule of Civil Procedure 34(a)(1), regardless of the medium of production or disclosure and regardless of the manner in which those items are generated, stored, or maintained.

4. "Producing Party" means any person or entity who produces or discloses Case Materials in the Action. This includes persons and entities who are not parties to the action who produce Case Materials pursuant to third-party discovery.

5. "Receiving Party" means the party who receives Case Materials produced or disclosed in the Action.

6. "Designating Party" means any party or nonparty who seeks to designate Case Materials as Confidential Information under this Protective Order.

7. "Challenging Party" means any party who challenges the designation of Case Materials as Confidential Information under this Protective Order.

**B. Purpose, Scope, and Limitations**

8. This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this Action. This Order applies to all Case Materials produced or disclosed in this Action, whether provided by a party or a third party, and includes, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and exhibits, and other information disclosed pursuant to the Federal Rules of Civil Procedure.

9. This Protective Order governs the production, disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

10. This Protective Order shall not prejudice any party's ability to challenge the use or disclosure of information not designated as Confidential Information under this Protective Order. A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular Case Material is or is not confidential, privileged, or admissible in evidence at trial.

11. The protections conferred by this Protective Order do not cover any information that is (a) properly in the public domain; (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (c) is lawfully known to the Receiving Party independent of its production or disclosure in the Action.

12. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose whatsoever, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to the terms of this Protective Order. Nothing in this Protective Order shall restrict or otherwise affect any Defendant's use or handling of its own records in the ordinary course of business, or its compliance with FERPA, the Maryland Public Information Act, or other applicable law with respect to such records, regardless of whether another party has designated copies of such records as Confidential Information.

13. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order.

**C. Designation of Confidential Information**

14. A Producing Party may designate Case Materials or portions thereof as Confidential Information. Such designations shall be made prior to or at the time of production or disclosure, except as otherwise provided by this Protective Order.

15. Before designating Case Materials as Confidential Information, the Designating Party must review the materials and have a good-faith basis for the designation under Federal Rule of Civil Procedure 26(c) and the definition of "Confidential Information" in Paragraph 2 of this Protective Order.

16. A party may designate Case Materials produced by another party or a nonparty that contain its Confidential Information, including student information subject to FERPA, by written notice to all parties within thirty (30) days of receipt of such Case Materials. Until the expiration of that thirty-day period, all such Case Materials shall be treated as Confidential Information under this Protective Order.

17. For Case Materials that are produced in paper or in an electronic format that allows designations directly on a document or image, designation of Confidential Information shall be made by placing the notice "CONFIDENTIAL," in a manner that does not interfere with legibility, on each page of the document or image asserted to contain Confidential Information.

18. For electronic Case Materials that are produced in a format that is not amenable to visible designation on an image or document, the notice "CONFIDENTIAL" shall appear on a slipsheet accompanying the materials. Any copying or transferring of electronic files that are designated as Confidential Information must be done in a manner that maintains the designation and confidentiality of all copies. All copies, duplicates, extracts, summaries, or descriptions of Confidential Information, in any medium, shall be treated as Confidential Information under this

Protective Order, and any such materials disclosed to any person other than counsel of record or filed with the Court shall be marked with the notice "CONFIDENTIAL" if that notice does not already appear.

19. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within the relevant interrogatory answer or response to requests for admission the notice "CONFIDENTIAL."

20. For depositions, designation of Confidential Information may be made by stating on the record during the deposition that questioning contains or may elicit Confidential Information. A party may also designate portions of a deposition transcript as Confidential Information by written notice to all counsel of record within thirty (30) days after notice from the court reporter that the transcript is available, listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information. Prior to the expiration of that thirty-day period, the entire deposition transcript and any exhibits not previously produced in the Action shall be treated as Confidential Information under this Protective Order, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition. Any testimony that describes or discloses the contents of Case Materials designated as Confidential Information shall also be deemed designated as Confidential Information, whether or not separately designated under this Paragraph. After the designation of Confidential Information in a deposition transcript is made, the notice "CONFIDENTIAL" shall be placed on the front of the original and each copy of the deposition transcript. If the deposition was filmed, both the recording storage medium (i.e., CD or DVD) and its container shall be labeled "CONFIDENTIAL."

21. For any other Case Materials in this Action not covered by Paragraphs 17 to 20, designation of Confidential Information shall be made by labeling the item or its container with the notice "CONFIDENTIAL."

22. If a Producing Party or Designating Party fails to designate any Confidential Information prior to production or disclosure, that party may correct such failure by giving written notice to the Receiving Party. Upon such written notification, the relevant Case Materials shall be prospectively deemed Confidential Information. Substitute copies of the Case Materials bearing the correct "CONFIDENTIAL" designation shall be given to the Receiving Party as soon as they become available. Upon receiving the substitute copies, the Receiving Party shall return the previously unmarked Case Materials or destroy them.

**D. Plaintiffs' Identity Information**

23. Pursuant to the Court's August 7, 2026, order granting Plaintiffs leave to proceed under pseudonym, Plaintiffs shall be identified in all publicly filed documents only as John and Jane Doe, and Plaintiffs' minor child shall be identified in all publicly filed documents only as Mary Doe. *See* ECF No. 47. All documents filed with the Court that contain the actual names of Plaintiffs John and Jane Doe or their minor child Mary Doe, or contain information that directly or indirectly identifies them, shall redact that information or be filed under seal. *Id.*

24. Any Case Materials produced or disclosed in the Action containing the actual names of Plaintiffs John and Jane Doe or their minor child Mary Doe, or containing information that reasonably identifies them (including, but not limited to, their addresses, their birth dates, their social security numbers, the names of their family members, or Mary Doe's identifying student records), shall be designated "CONFIDENTIAL" by the Producing Party and maintained in accordance with this Protective Order.

**E. Information Governed by FERPA**

25. Any Case Materials produced or disclosed in the Action containing personally identifiable information subject to the Family Educational Rights and Privacy Act ("FERPA"), *see* 20 U.S.C. §1232g; 34 C.F.R. Part 99, shall be designated "CONFIDENTIAL" by the Producing Party. Personally identifiable information protected by FERPA includes a student's name, address, social security number, family information, and any other information that, alone or in combination with other information produced in the Action or publicly available, would permit identification of the student. *See* 34 C.F.R. §99.3.

26. If a Producing Party intends to produce or disclose Case Materials containing information subject to FERPA, the Producing Party shall make a reasonable effort to notify the affected student (or, if the student is a minor, the student's parent or guardian) in advance of the production or disclosure as required by FERPA and its implementing regulations. *See* 34 C.F.R. § 99.31(a)(9)(ii). If the affected student or parent/guardian does not file a motion with this Court seeking protective action within ten (10) days of receiving written notice, the Case Materials shall be produced or disclosed, appropriately designated "CONFIDENTIAL," and maintained in accordance with this Protective Order. This Protective Order constitutes a judicial order within the meaning of 34 C.F.R. § 99.31(a)(9)(i) authorizing the production of such information in this Action, and a Producing Party's production of FERPA-protected information in compliance with this Paragraph shall not be deemed a violation of FERPA or any other law protecting student privacy. A Producing Party may redact personally identifiable information of students other than Mary Doe when such information is not relevant to the claims or defenses in the Action.

**F. Challenging Confidential Designations**

27. A party may challenge the designation of Confidential Information at any time after such designation is made.

28. The Challenging Party shall initiate a challenge to the designation of Confidential Information under this Protective Order by providing written notice to the Designating Party that (a) identifies each designation it is challenging and (b) describes the basis of each challenge.

29. Pursuant to D. Md. Loc. R. 104.7 and Appendix A Guideline 1(f), counsel for the parties shall meet and confer in good faith and make a reasonable effort to resolve the dispute. If the Designating Party opts to withdraw or change its designation, it shall give notice of this change to all parties. If the parties cannot resolve the dispute within ten (10) business days after the Challenging Party sends written notice to the Designating Party—or such other time, if the parties agree in writing to extend this deadline—the Challenging Party may present the dispute to the Court by motion or letter pursuant to the procedures set forth in D. Md. Loc. R. 104.7 and Appendix A Guideline 1(f)-(g). Consistent with D. Md. Loc. R. 104.13(b) and Federal Rule of Civil Procedure 26(c), the Designating Party bears the burden of establishing good cause for the designation. The provisions of Federal Rule of Civil Procedure 37(a)(5) apply to any such motion.

30. Any Case Materials and/or information designated as Confidential Information pursuant to this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information or (b) the Court rules that it should not be treated as Confidential Information.

**G. Disclosure, Use, and Handling of Confidential Information**

31. A Receiving Party may use Confidential Information in connection with this Action only for litigating, defending, or attempting to settle this Action, and not for any other purpose,

including, without limitation, any other litigation, any administrative, investigative, or regulatory proceeding, or any media, legislative, or public advocacy activity. A Receiving Party shall disclose such Confidential Information only in accordance with the terms of this Protective Order.

32. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and monitor distribution of Confidential Information.

33. Confidential Information shall not, without the consent of the Designating Party or order of the Court, be disclosed or made available in whole or in part except to the following persons:

a. Counsel for the parties, as well as counsel's partners, associates, and other persons employed by or associated with counsel whose assistance is required in this case (including, but not limited to, litigation assistants, paralegals, and other support staff);

b. Plaintiffs, to the extent necessary for their assistance of counsel in connection with this litigation, provided that Confidential Information containing personally identifiable information of students other than Mary Doe, or nonpublic personnel information of AACPS employees, shall not be disclosed to Plaintiffs without the consent of the Designating Party or order of the Court;

c. Defendants, to the extent necessary for their assistance of counsel in connection with this litigation;

d. Employees of Anne Arundel County Public Schools, to the extent necessary for their assistance of counsel in connection with this litigation;

e. Witnesses, potential witnesses, and deponents, as well as their counsel, but only to the extent reasonably necessary for this litigation, provided that such persons shall not retain copies of Confidential Information;

f. Experts or consultants retained by a party to assist in this Action, to whom disclosure is reasonably necessary to facilitate the expert's work;

g. Stenographic and video reporters engaged in proceedings incident to this action;

h. Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

i. The Court and its employees and, at trial, the jury;

j. Anyone as otherwise required by law, provided that—to the extent permitted by law—the Receiving Party gives the Designating Party prompt written notice, and in any event at least ten (10) days before disclosure, of any subpoena, request, or demand for Confidential Information so that the Designating Party may seek protection; and

k. Other persons by written agreement of the parties.

34. Before disclosing Confidential Information to any person identified in sub-paragraphs 33(b)-(c), 33(e)-(f), and 33(g)-(h), counsel shall provide that person with a copy of this Protective Order and obtain a written acknowledgment, in the form of a copy of the signed declaration attached hereto as "Exhibit A," stating that he or she has read this Protective Order and agrees to be bound by its provisions. For persons identified in sub-paragraphs 33(g)-(h) that are business entities, a single acknowledgment signed by an authorized representative on behalf of the

entity and its personnel shall suffice. Counsel shall retain all such acknowledgments and produce them for in camera review upon a showing of good cause.

35. Persons to whom Confidential Information is disclosed pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

36. No Receiving Party, and no person to whom Confidential Information is disclosed under this Protective Order, shall disclose or provide Confidential Information to any federal, state, or local governmental agency, department, or official (other than the Court and its personnel) except in response to a valid subpoena, civil investigative demand, or court order, and then only after—to the extent permitted by law—giving the Designating Party written notice of the request, including a copy of it, at least ten (10) days before disclosure (or, if that is not possible, as soon as practicable and in any event before disclosure) and a reasonable opportunity to seek protection from the appropriate tribunal. Nothing in this Paragraph restricts any person from communicating with a governmental agency about information that person possesses independent of discovery in this Action or from filing a charge or complaint with, or participating in an investigation by, any governmental agency, provided that such person does not disclose Confidential Information obtained through discovery in this Action except as permitted by this Paragraph.

37. If a Receiving Party learns that it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized by this Protective Order, the Receiving Party shall, upon learning of the unauthorized disclosure: (a) promptly notify the person(s) to whom the disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) promptly make all reasonable efforts to obtain the return of or the

destruction of the Confidential Information, including asking the person who received the unauthorized disclosure to execute a declaration in the form attached hereto as "Exhibit A"; and (c) promptly notify the Producing Party and all other parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information.

38. Unauthorized or inadvertent disclosure of Confidential Information does not affect its status as Confidential Information under this Protective Order.

**H. Filing Confidential Information**

39. If any party seeks to file materials containing Confidential Information (or any pleading, motion, or memorandum disclosing Confidential Information) with the Court, that party must file those materials and papers under seal and simultaneously file a motion to seal and proposed order pursuant to D. Md. Loc. R. 104.13(c) and 105.11, in accordance with the Court's Electronic Filing Requirements and Procedures for Civil Cases. Even if the filing party believes that the materials or papers are not properly designated as Confidential Information, the filing party shall file the motion to seal. That motion, however, shall be without prejudice to the filing party's right to challenge a designation of Confidential Information under Part F of this Protective Order.

40. Nothing in this Protective Order shall preclude any party from filing a redacted version of a pleading, brief, exhibit, or other document that omits Confidential Information.

**I. Inadvertent Production of Privileged Information**

41. Nothing in this Protective Order shall be construed as a waiver of any applicable privilege, including the attorney-client privilege and attorney work product. This Protective Order constitutes an order under Federal Rule of Evidence 502(d). The production or disclosure of privileged or protected information in connection with this Action, whether inadvertent or otherwise,

shall not waive privilege or protection in this or any other federal or state proceeding, regardless of the care taken by the Producing Party to prevent disclosure, and the provisions of Federal Rule of Evidence 502(b) shall not apply. Upon written notice from the Producing Party, the Receiving Party shall promptly return, sequester, or destroy the identified information and any copies, shall not use or disclose it until any dispute is resolved, and may challenge the assertion of privilege or protection pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), but may not assert the fact or circumstances of the production as a ground for waiver. Each party reserves the right to challenge an assertion of privilege or protection.

42. Nothing in this Protective Order precludes a non-party from asserting privacy or other legal rights in Case Materials produced, disclosed, or received by the parties, including rights protected by FERPA.

**J. Disposition of Documents Containing Confidential Information**

43. Unless the parties agree otherwise in writing, within thirty (30) days after final determination of the Action—whether by settlement, judgment, or other disposition or conclusion—a Receiving Party shall take reasonable steps either to (a) return all Case Materials containing Confidential Information to the Producing Party or (b) destroy or delete such materials and certify to the Designating Party in writing that such destruction or deletion has occurred. A Receiving Party shall also take reasonable steps to notify persons to whom it distributed Confidential Information pursuant to this Order that such information should be returned to the Receiving Party or destroyed with written confirmation to the Receiving Party.

44. Consistent with D. Md. Loc. R. 104.13(d), after final determination of the Action, the Clerk may return to counsel or destroy any materials or papers filed under seal with the Court.

45. A Receiving Party need not destroy or return Confidential Information that it is required by law to maintain. Additionally, for materials or papers that contain or reflect Confidential Information but constitute or reflect counsel's work product, counsel of record for the parties shall be entitled to retain such work product, so long as it remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order. Counsel of record for the parties shall also be entitled to retain an archival copy of all materials and papers filed with the Court, even if it contains Confidential Information, so long as it remains clearly marked to reflect that it contains Confidential Information subject to this Protective Order.

46. The terms of this Protective Order shall continue to govern the disclosure, use, and handling of all Confidential Information after the final disposition of the Action, unless and until the Designating Party agrees otherwise in writing or a court order so directs.

47. The Court shall retain jurisdiction to enforce this Protective Order after the Action is closed.

**K. Modification**

48. Nothing in this Protective Order prevents any party from seeking additional or different protection under Federal Rule of Civil Procedure 26(c). No Case Materials may be withheld from discovery on the ground that they require protection greater than that afforded by this Protective Order unless the party claiming a need for greater protection moves for an order providing such protection pursuant to Federal Rule of Civil Procedure 26(c). Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

49. Nothing in this Protective Order shall be construed to affect or waive any party's procedural or substantive rights with respect to post-judgment motions or appeals, including the right to seek review of any ruling regarding the designation, use, sealing, or disclosure of

Confidential Information, or the ability of any party to include Confidential Information in the record on appeal, subject to appropriate protection under the rules of the reviewing court.

SO ORDERED this ____ day of __________, 20____.

_________________________________
Richard D. Bennett
United States District Judge

**Exhibit A**

**Protective Order Acknowledgment**

I, ________________________________, state as follows:

1. I have received a copy of the Protective Order entered in *John and Jane Doe v. Mark Bedell, et al.*, United States District Court for the District of Maryland, Case No. 1:26-cv-02690-RDB.
2. I have carefully read and understand the Protective Order, and I agree to be bound by its provisions.
3. Without limiting the foregoing, I agree that I will (a) use Confidential Information solely for purposes of this litigation; (b) not disclose Confidential Information to any person, including any governmental agency, department, or official, except as permitted by the Protective Order; (c) promptly notify counsel who provided me with Confidential Information of any subpoena, demand, or request for it; and (d) at the conclusion of this litigation, return or destroy all Confidential Information in my possession as directed by counsel.
4. I understand that I may be subject to sanctions, including contempt, for violating the Protective Order, and I submit to the jurisdiction of the United States District Court for the District of Maryland for purposes of enforcing the Protective Order.

Signature: ________________________________

Printed name: _____________________________

Capacity or affiliation (e.g., party, official capacity, employer):

_____________________________

Date: ____________________________________